IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GENTLE WINDS EAST
CONDOMINIUM OWNERS'
ASSOCIATION                                                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO. _____

FISHER BROWN BOTTRELL INSURANCE
INC., aka  FBB INSURANCE, INC. and
PATRICK SMITH, and TRUSTMARK
NATIONAL BANK, and FICTITIOUS DEFENDANTS
"1" through "20" being the true and correct names of the
named defendants; FICTITIOUS DEFENDANTS "26"
through "100", being those individuals, partnerships, corporations
and/or other business entities responsible for the acts alleged herein,
and whose names and legal identities are otherwise unknown at this time,
but will be added by amendment when ascertained.                    DEFENDANTS

## NOTICE OF REMOVAL

Defendant Trustmark National Bank ("Trustmark"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal, removing this civil action from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As demonstrated below, this action is removable pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## PROCEDURAL BACKGROUND

1.     On March 28, 2025, Plaintiff, Gentle Winds Condominium Owners' Association ("Plaintiff"), filed a Complaint in the Circuit Court of Baldwin County, Alabama, in the civil action styled *Gentle Winds Condominium Owners' Association v. Fisher Brown Bottrell Insurance, Inc.,*

*aka FBB Insurance, Inc. et. al.,* Civil Action No. 05-CV-2025-900444.00 (the "State Court Action").

2.      On April 9, 2025, Trustmark was served with process in the State Court Action through service via certified mail on its registered agent in the State of Alabama. *See* Ex. 1. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      True and correct copies of all process, pleadings, and orders filed in the State Court Action are attached to this Notice of Removal. *See* Ex. 2. Following service of process, Trustmark did not receive any additional process, pleadings, or orders from Plaintiff. Accordingly, Trustmark has complied with 28 U.S.C. § 1446(a).

4.      Plaintiff's Complaint asserts claims for negligence, wantonness, and fraud arising out of Plaintiff's attempt to purchase insurance coverage for its condominium property. *See generally* Ex. 2, Complaint.

## DIVERSITY OF CITIZENSHIP

5.      Plaintiff is an Alabama corporation headquartered and doing business in Baldwin County, Alabama. *See* Ex. 2, Complaint ¶ 1. Accordingly, for purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of Alabama.

6.      During the relevant time period, Defendant, Fisher Brown Bottrell Insurance Inc. ("FBBI"), was a Mississippi corporation with its principal place of business located in Jackson, Mississippi. *See* Ex. 3. Subsequently, FBBI merged with Marsh & McLennan Agency, LLC ("MMA"), a Delaware limited liability company. *See* Ex. 4. Marsh USA LLC is the sole member of MMA. *Id.* Marsh LLC is the sole member of Marsh USA LLC. *See* Ex. 5. Marsh LLC is solely owned by Marsh & McLennan Companies, Inc. ("MMC"). *Id.* MMC is a Delaware corporation with its principal place of business being located in New York, New York. *Id.* Therefore, FBBI is

currently a citizen of Delaware and New York. *Id. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (a limited liability company is a citizen of every state where its members are citizens).

7.      Defendant Trustmark is a national bank with its principal place of business located in Jackson, Mississippi. *See* Ex. 6. Accordingly, for purposes of 28 U.S.C. § 1332, Trustmark is a citizen of Mississippi.

8.      Defendant Patrick Smith is a citizen of Florida.  *See* Ex. 7.

9.      Complete diversity of citizenship exists between Plaintiff and Defendants.

## <u>AMOUNT IN CONTROVERSY</u>

10.      Where, as here, plaintiffs make "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the... jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.,* 77 F. 3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F. 3d 1069 (11th Cir. 2000)); *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010).

11.      To ascertain the amount in controversy, the court considers the notice of removal and all other evidence presented by the defendant which can include both documents received from the plaintiff and the defendant's own evidence. *Id.* at 756. Importantly, a lower burden of proof is warranted where damages are unspecified, such as in the instant case, because there is simply no estimate of damages to which a court may defer. *Tapscott,* 77 F. 3d at 1357.

12.      While Trustmark denies the allegations in Plaintiff's Complaint and denies that it is liable for any damages to Plaintiff, the Complaint alleges Plaintiff was quoted a premium of

$38,000.00 for insurance coverage and ultimately had to purchase coverage from another provider for a premium of $78,000.00. *See* Ex. 2, Complaint. In addition to these alleged increased expenditures on insurance premiums, Plaintiff alleges it has suffered unspecified amounts of compensatory damages, consequential damages, diminution in value, repairs, loss of use and enjoyment, mental anguish and stress, and other special damages. *Id.*

13.     In addition to compensatory damages, Plaintiff request punitive damages in its Complaint. It is well-settled that a demand for punitive damages is also included in the determination of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy); *Holley Equip Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered") (internal citations omitted); *see also Davidson v. Liberty Mut. Ins. Co.,* 2016 WL 7428220, at *3 (S.D. Ala. Dec. 8, 2016) (noting that ""claim[s] for an unspecified amount of punitive damages…should be calculated up to the constitutionally permissible limits'" and holding that a claim for $25,000 in compensatory damages when combined with a claim for an unspecified amount of punitive damages satisfied the $75,000 statutory threshold for removal); *Blackwell v. Great American Financial Resources, Inc.,* 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) (holding that a claim for $23,172.28 in compensatory damages when combined with a claim for an unspecified amount of punitive damages satisfied the statutory threshold).

14.     When Plaintiff's alleged total compensatory damages are combined with their claim for punitive damages, the amount in controversy unquestionably exceeds $75,000, exclusive of interest and costs.

## TRUSTMARK HAS SATISFIED
## THE OTHER REMOVAL PREREQUISITES

15.    Because Trustmark is filing this Notice of Removal within thirty days of service of the Complaint upon them, it is timely under 28 U.S.C. § 1446(b).

16.    Defendant FBBI has informed Trustmark that it consents to the removal of this action and that it will be filing a separate notice of consent.

17.    Upon information and belief, Defendant Patrick Smith has not been properly served with process.[1] Since Mr. Smith has not been served with process, he is not required to consent to the removal of this matter. *See GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003). Likewise, the numerous fictitious defendants named by Plaintiff are not required to consent to removal, and their citizenship may be disregarded. *Id.*

17.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18.    Trustmark will promptly file with the Circuit Clerk for the Circuit Court of Baldwin County, Alabama, a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached.

19.    The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division.

## CONCLUSION

For the foregoing reasons, Trustmark respectfully gives notice that this action has been removed from the Circuit Court of Baldwin County, Alabama, to the United States District Court

---

[1] Plaintiff attempted to serve Mr. Smith through FBBI's registered agent for service of process in Alabama. *See* Ex. 2, Complaint and Summons issued for Mr. Smith. That does not constitute proper service under Ala. R. Civ. P. 4 on an individual defendant.

for the Southern District of Alabama, Southern Division, being the district and division for the county in which this action is pending.

Dated: May 9, 2025.

Respectfully submitted,

**TRUSTMARK NATIONAL BANK**

By:  */s/ Scott F. Singley*
       One of Their Attorneys

OF COUNSEL:

Scott F. Singley, ASB No. SIN019
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902
ssingley@brunini.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date I caused the foregoing document to be filed with the Clerk of the Court and caused the foregoing document to be served by electronic mail on the following counsel of record:

Adam M. Milam
Milam & Milam, LLC
112 W. Laurel Ave.
Foley, AL 36535
amilam@milam-law.com
Dated: May 9, 2025.

*/s/ Scott F. Singley*
Scott F. Singley